UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SARRA EL JABER,

Plaintiff,

-against-

TOM, *from the Pro Se Room of the Southern District of New York*; LAURA TAYLOR SWAIN, *Chief United States District Judge*,

Defendants.

26-CV-9043 (GBD)

ORDER OF DISMISSAL

GEORGE B. DANIELS, United States District Judge:

Plaintiff Sarra El Jaber, who is appearing *pro se*, brings this action against "Tom," an employee of this court, and Laura Taylor Swain, the Chief Judge of this court. While Plaintiff does not explain the basis of this Court's jurisdiction over her claims, she seems to assert that Defendants violated her rights when Tom allegedly classified one of her prior complaints in this court as being an employment-discrimination action, which she states is inaccurate, and when Chief Judge Swain failed to respond to her letter in another one of Plaintiff's actions in which she asked Chief Judge Swain to investigate Tom's alleged conduct. Plaintiff seeks "an investigation on what happened and what is happening," (ECF No. 1, at 18), which this Court understands to be a request for injunctive relief.

By order dated October 15, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. This Court dismisses the complaint for the reasons set forth below.

## I. BACKGROUND

The following facts are drawn from the complaint.[1] It begins:

> The Federal Court of New York is helping, protecting, and cooperating with the human trafficking, starting from "Tom" working at the Pro Se Room, to the judge "Laura Taylor Swain." All the world will know what you did to me, all of you, and my cases that you are playing with[.] [I]t will all be in the media and the televisions of all the world[.]
>
> Do you think, because I'm a lone refugee here I will scare you criminals? Do you believe I will not fight my life, my respect, freedom, dignity and rights? Do you imagine because you are F.B.I. C.I.A. and Federal Court and me alone I will not fight you?
>
> [...]
>
> Your agents are criminals and they are not more than a human trafficking organization.

(ECF No. 1, at 2–4.)

Plaintiff then turns to the events underlying her claims. She alleges that on August 14, 2026, she came to this court's "Pro Se Room" for purposes of initiating a civil action. Accordingly, she brought with her a completed complaint and a notice of appearance form. Tom asked Plaintiff if the complaint related to immigration, and Plaintiff said no. Tom then asked if the complaint concerned employment, and Plaintiff said yes. (*Id.* at 6–7.) Tom examined Plaintiff's filing package, stated that her notice of appearance "was wrong," tore it up, and gave her another form to complete.[2] (*Id.* at 7.) Although Plaintiff does not clearly describe which form that Tom gave to her, the context of the complaint suggests that it was one of the court's employment discrimination complaint forms. (*Id.* at 9.)

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

[2] Plaintiff adds: "I will never forgive [Tom] or forget what he did. . . 'Tom' came and destroyed everything. He will be on the media." (*Id.* at 8.)

Plaintiff did not agree with Tom's apparent assessment, based on her responses to his questions, that her complaint was in the nature of employment discrimination. Accordingly, Plaintiff put her prepared complaint under the employment discrimination complaint form, gave the filing package to Tom, and walked away.[3] (*Id.* at 10.) Plaintiff called the court the next week and learned that her civil action had been administratively classified as an employment discrimination action; Plaintiff disagrees with this classification. (*Id.* at 11.)

On August 28, 2026, Plaintiff submitted a letter to Chief Judge Swain about Tom's alleged conduct and about the alleged "wrong classification" of her complaint. (*Id.* at 13.) Plaintiff also filed another complaint, which was essentially identical to her first one.[4] (*Id.* at 12.) In Plaintiff's letter, which was docketed in her second civil action, she asked Chief Judge Swain to open an investigation into Tom's alleged conduct, but Plaintiff did not receive a response. Instead, Chief Judge Swain—who was assigned to both of Plaintiff's civil actions—dismissed the second action as duplicative of the first action, without prejudice to Plaintiff pursuing the claims in her first civil action.[5] (*Id.* at 14–15.)

Plaintiff concludes: "I'm asking the Court to open an investigation on what happened and what is happening." (*Id.* at 18.) She also seems to request that the Court "pass [her] by legal medical examination as soon as possible." (*Id.*)

## II. STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a

---

[3] That complaint was opened as a civil action in this court under docket number 26-CV-6988 (LTS). That civil action remains pending.

[4] That complaint was opened as a civil action in this court under docket number 26-CV-7458 (LTS).

[5] It appears that Plaintiff has not filed a notice of appeal from the judgment dismissing her second action as duplicative.

defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, this Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, this Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, this Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

## III. PLAINTIFF'S COMPLAINT IS DISMISSED

### A. Judicial Immunity

To the extent that the complaint can be construed as seeking monetary relief from Defendants, all such claims are barred by the doctrine of judicial immunity. Judges, including Chief Judge Swain, are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009); *see Stump v. Sparkman*, 435 U.S. 349, 362 (1978) (explaining that the inquiry focuses on whether the judge was performing a "function normally performed by a judge").

"Even allegations of bad faith or malice cannot overcome judicial immunity." *Bliven*, 579 F.3d at 210 (citations omitted). The doctrine applies "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump*, 435 U.S. 349, 356 (citation omitted)). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). Judicial immunity therefore applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Cleavinger v. Saxner*, 474 U.S. 193, 199–200 (1985) (citation omitted). Judicial immunity does not apply when the judge takes action "outside" his or her judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles*, 502 U.S. at 9–10. But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump*, 435 U.S. at 356.

Additionally, judicial immunity has been extended to court clerks and "others who perform functions closely associated with the judicial process" when they are performing discretionary acts

of a judicial nature which are essential to the judicial process, including the filing of court documents and managing a court's calendar. *Cleavinger*, 474 U.S. at 200; *see Hubbuch v. Small*, No. 25-956, 2026 WL 471800, at *1 (2d Cir. Feb. 19, 2026) (explaining that quasi-judicial immunity "absolutely protects court clerks in their performance of judicial functions" and "extends to the exercise of the court's inherent power to control its docket and the parties' filings").

In the complaint, Plaintiff provides no facts suggesting that Chief Judge Swain acted outside of her jurisdiction or in the absence of jurisdiction. Similarly, the complaint contains no facts suggesting that Tom's alleged conduct consisted of anything other than discretionary acts of a judicial nature, which are entitled to absolute immunity. Thus, this Court dismisses all claims for monetary relief because Defendants are entitled to absolute immunity.

This Court understands Plaintiff's request for an investigation and a medical examination as seeking injunctive relief. Although judicial immunity does not absolutely bar a claim for prospective injunctive relief against a judicial officer acting in his or her judicial capacity, *Pulliam v. Allen*, 466 U.S. 522, 541–42 (1984), in the Federal Courts Improvement Act of 1996 ("FCIA"), Congress amended 42 U.S.C. § 1983 to provide that in "any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable," 42 U.S.C. § 1983, as amended by FCIA, § 309(c), Pub. L. No. 104–317, 110 Stat. 3847, 3853 (1996); *see Kampfer v. Scullin*, 989 F. Supp. 194, 201 (N.D.N.Y. 1997) (applying Section 309(c) of the FCIA to cases involving federal judicial officers and citing *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995)); *Davis v. Campbell*, No. 13-CV-0693, 2014 WL 234722, at *9 (N.D.N.Y. Jan. 22, 2014) ("[D]eclaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order."). Moreover, courts have also extended

§ 1983's grant of immunity from injunctive and declaratory relief to court employees, such as court clerks, who are entitled to quasi-judicial immunity. *See Treistman v. McGinty*, 804 F. App'x 98, 100 (Mem) (2d Cir. May 14, 2020); *Irazu v. Sainz De Aja*, No. 23-702-cv, 2023 WL 8447256, at *2 (2d Cir. Dec. 6, 2023) (summary order).

Plaintiff's claims against Chief Judge Swain and Tom are based on actions taken in their judicial or quasi-judicial capacities. Because Plaintiff does not allege that either Defendant acted outside of their respective judicial or quasi-judicial capacities, lacked jurisdiction, violated a declaratory decree, or that declaratory relief was unavailable, this Court dismisses Plaintiff's claims for injunctive relief against these Defendants for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(i)(ii).

**B. Supplemental Jurisdiction**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims of which the Court has original jurisdiction, this Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## IV. LEAVE TO AMEND IS DENIED

Generally, a court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted)). But a court has inherent power to dismiss without leave to amend or replead "where . . . the substance of the claim pleaded is frivolous on its face," *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (citation omitted), or where amendment would otherwise be futile, *Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *see also Shapiro v. McManus*, 577 U.S. 39, 45–46 (2015) (holding that federal-question jurisdiction is lacking where the claims are "wholly insubstantial and frivolous," "essentially fictitious," or "obviously without merit" (internal quotation marks and citations omitted)). Because the defects in the complaint cannot be cured with an amendment, this Court denies Plaintiff leave to amend the complaint.

## V. CONCLUSION

This Court dismisses Plaintiff's claims for monetary relief on immunity grounds and as frivolous, *see* 28 U.S.C. § 1915(e)(2)(B)(i), (iii), and her claims for injunctive relief for failure to state a claim, *see* 28 U.S.C. § 1915(e)(2)(B)(ii). This Court declines to retain supplemental jurisdiction over any state law claims Plaintiff may be asserting.

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii), and (iii).

This Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

This Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated: October 29, 2026
New York, New York

George B. Daniels

GEORGE B. DANIELS
United States District Judge